**Jamel Rashawn STEVENS, Petitioner–Appellant,**

v.

**Ron BARNS, Respondent–Appellee.**

No. 14–17216.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 19, 2015.

Jamel Rashawn Stevens, Imperial, CA, pro se.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ivan Paolo Marrs, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

California state prisoner Jamel Rashawn Stevens appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to deny a habeas petition, *see Murdaugh v. Ryan,* 724 F.3d 1104, 1113 (9th Cir.2013), and we affirm.

Stevens contends that there was insufficient evidence to support the jury's finding that he killed the victim with premeditation and deliberation. The state court's rejection of Stevens' claim was neither contrary to, nor an unreasonable application of, *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See* 28 U.S.C. § 2254(d)(1); *Coleman v. Johnson,* —— U.S. ——, 132 S.Ct. 2060, 2062, 2065, 182 L.Ed.2d 978 (2012) (per curiam). In light of the evidence presented at trial, and in particular the evidence that the victim was a member of a rival gang who was fleeing when Stevens shot and killed him, the state court reasonably concluded that, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found" that Stevens acted with the requisite intent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781.

We treat Stevens' additional argument as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**